# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:19-cr-046
                                  Civil Case No. 1:21-cv-00308

                                    District Judge Susan J. Dlott
   -  vs  -                           Magistrate Judge Michael R. Merz

ANDRE BROMFIELD,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is pending before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 22). That Motion has been referred to the undersigned pursuant to Amended General Order 22-05 (ECF No. 26). The first step with a motion to vacate is a preliminary review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Pursuant to a Plea Agreement under Fed. R. Crim. P. 11(c)(1), Defendant pleaded guilty to one count of possessing a firearm while being a person who was prohibited by law from such

1

possession, a violation of 18 U.S.C. § 922(g)(1)(ECF No. 5).  In return for his plea of guilty, Defendant was to receive an agreed sentence of eighty-four months imprisonment plus supervised release, a fine, and a special assessment for the victims of crime. *Id.* at PageID 9-10.  District Judge Black accepted the Plea Agreement and Defendant's plea of guilty and imposed the agreed-upon sentence (Judgment, ECF No. 15).  Bromfield took no appeal, but filed the pending Motion to Vacate May 5, 2021.  Defendant pleads the following grounds for relief:

> **Ground One:**  I make the claim that my conviction should be overturned because of the retroactive law stated in *Rehaif v. United States*, 139 S.Ct. 2191.
>
> **Supporting Facts:**  Since my sentencing, the Supreme Court held in *Rehaif v. U.S.* that the government must now and should always have proved that the Defendant knew he possessed a firearm and that he was a prohibited person.  This was not done in my case and because this law is retroactive it should have been done.  Therefore I accert [sic] that I am actually innocent of my conviction and the court lacked the requisite subject matter jurisdiction over my 922(g) conviction.
>
> **Ground Two:**  Ineffectiveness of counsel.
>
> **Supporting Facts:**  My attorney failed to stay up to date on the new case the Supreme Court was looking at.  He should have been aware that *Rehaif* was coming down the pike.

(Motion, ECF No. 22, PageID 79-80).

## Analysis

      The Supreme Court handed down *Rehaif v. United States,* 588 U.S. ___, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019) on June 21, 2019.  The Plea Agreement in this case was filed April 30,

2019, about two months prior to the *Rehaif* decision. As part of the Statement of Facts attached to the Plea Agreement, Defendant admitted that he had been convicted of a felony prior to September 12, 2018, the date of the offense in this case. He admitted the gun in question was in the glove box of the car he was driving at the time and that he was the major contributor of the DNA found on it, which is tantamount to admitting he knew he possessed it.

Under *Rehaif*, to obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove that a defendant knew he possessed a firearm and that he or she belonged to a class of persons forbidden by the statute to possess a firearm. In the Statement of Facts, Bromfield admitted those two crucial facts. The government is not required to show that a defendant knew that convicted felons are prohibited from possessing firearms under § 922(g)(1). *See United States v. Bowens*, 938 F.3d 790, 797-98 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020). Rather, the government need only prove that a defendant knew that he was a convicted felon. *Id.* Because he admitted the crucial facts required by *Rehaif*, Defendant is not entitled to have his conviction overturned on the basis of *Rehaif*.

Although *Rehaif* was decided about two months after the Plea Agreement was filed in this case, the decision was many months before judgment was entered on February 13, 2020. The *Rehaif* claim thus could have been raised on direct appeal, but Bromfield took no direct appeal. By not appealing and raising this claim, Defendant has procedurally defaulted the claim.

28 U.S.C. § 2255(f) imposes a one-year statute of limitations on motions to vacate, running from the date on which the conviction becomes final. The conviction in this case became final on the last date on which Bromfield could have appealed the conviction which was February 27, 2020, making the last date to file a motion to vacate February 27, 2021. Defendant's Motion to Vacate was not filed until April 24, 2021, when it was placed in the prison mailing system (See ECF No.

22, PageID 86). Defendant claims to be actually innocent of the crime of conviction and actual innocence will excuse late filing. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, as concluded above, Defendant has not proved actual innocence.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 26, 2024.

NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ <em>Michael R. Merz</em><br>United States Magistrate Judge